Terera v. Garland

BIA
Christensen, IJ
A209 760 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-three.

PRESENT:
ROSEMARY S. POOLER,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

YUNUSA TERERA,
    *Petitioner*,

    v.                     20-2780

                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Patrick Crowley, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General, Civil Division;

Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation; Katherine S. Fischer, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yunusa Terera, a native and citizen of The Gambia, seeks review of an August 6, 2020 decision of the BIA affirming a May 23, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Yunusa Terera,* No. A 209 760 199 (B.I.A. Aug. 6, 2020), *aff'g* No. A 209 760 199 (Immig. Ct. N.Y. City May 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

An IJ may, "[c]onsidering the totality of the circumstances" base a credibility determination on inconsistencies in an applicant's statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. In the instant matter, substantial evidence supports the adverse credibility determination.

Terera testified that his family and village elders tried to force him to marry and then assaulted and threatened him when he refused. The agency reasonably relied on inconsistencies between his testimony and letters from his

3

brother and stepfather. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Terera's brother and stepfather stated that the family was compelling Terera to marry his uncle's 10-year-old daughter, but Terera testified that he was being forced to marry someone older than him. The agency was not required to accept his explanation that there were two different individuals because he mentioned that otherwise uncorroborated fact only when confronted with the discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). In addition, the record reflects inconsistencies regarding how serious his family was about the marriage, whether his father died in 2010 or was alive and arranged for the marriage in 2014, and when Terera left The Gambia.

These inconsistencies constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken

4

separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder."); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully." (citation omitted)). Contrary to Terera's position, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Finally, we find no merit to Terera's remaining argument. He did not ask to present expert testimony at his hearing, and expert testimony would not have resolved the inconsistencies in his claim. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court